
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 14 2005

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

TERRY JOHNSON
ADC #83520                                                             PLAINTIFF

V.                          2:04CV00126 GH/HDY

J. DEAN-SMITH *et al.*                                                DEFENDANTS

### FINDINGS AND RECOMMENDATION

Pending before the Court are Plaintiff's "Motion for a [Restraining] Order Against Tucker Maximum Security" (docket entry #42) and Motion for Temporary Restraining Order (docket entry #43). According to Plaintiff, he was assaulted recently by fellow inmates at the Tucker Max Unit, and now he seeks for this Court in this case to order his transfer to another unit. For the reasons set forth below, the Undersigned recommends that Plaintiff's Motions be denied.

In considering whether to grant a preliminary injunction, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981) (*en banc*). While no single factor is dispositive, the movant must establish a threat of irreparable injury. *Id.* at 113. Absent a showing of real or immediate threat, there can be no showing of irreparable injury. *Randolph v. Rogers*, 170 F.3d 850, 856 (8th Cir. 1999) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

"The burden of proving that a preliminary injunction should be issued rests entirely with the

movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

A preliminary injunction is appropriate to grant intermediate relief "of the same character of that which may be granted finally," but inappropriate for dealing with matters "lying wholly outside issues in the suit." *DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945). Plaintiff's Complaint (docket entry #2) alleges claims of excessive force, against Defendants who are employed at the East Arkansas Regional Unit. New assertions, such as claims of failure to protect at an entirely different unit, as Plaintiff raises here, which are separate from those raised in a complaint, may support additional claims. They cannot, however, provide a basis for preliminary injunction.

In *Devose v. Herrington*, 42 F.3d 470 (8th Cir. 1994), a prisoner filed a § 1983 action claiming prison officials denied him adequate medical treatment. After filing his complaint, the prisoner filed a motion for preliminary injunction asserting that in retaliation for filing his lawsuit, prison officials were filing false disciplinary charges against him and forcing him to perform work duties beyond his physical abilities. The Eighth Circuit affirmed the district court's decision to deny injunctive relief because the request was based on new assertions of mistreatment that were entirely different from the claim raised and the relief requested in the complaint. Furthermore, the Court held that while the plaintiff's new assertions might support additional claims, they could not provide the basis for a preliminary injunction. Thus, the Court stated that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* at 471.

Furthermore, because Plaintiff seeks preliminary injunctive relief against non-parties, among others, and there is no relationship between the claims asserted in Plaintiff's Motions and the claims

asserted in his Complaint, the request for injunctive relief on this issue will be denied as well.

If Plaintiff intends to pursue his claims for failure to protect against officers of the Tucker Max Unit\, he first must fully exhaust his administrative remedies within the prison system regarding the allegations set forth in his Motions requesting injunctive relief. After Plaintiff has done so, he may file a new § 1983 action regarding those allegations. In the meantime, Plaintiff should refrain from filing *pro se* motions in this case where he is represented by counsel.

In considering these Motions for preliminary injunctive relief, the undersigned has liberally construed Plaintiff's submission, and recommends on the basis of the foregoing that Plaintiff's motion for preliminary injunctive relief be denied.

IT IS THEREFORE RECOMMENDED that Plaintiff's "Motion for Preliminary Injunction" (docket entry #42) and Motion for Temporary Restraining Order (docket entry #43) be DENIED.

DATED this 1¥ day of June, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

3